204 N.W.2d 644 (1973)
In re Claim of Kenneth J. TILSETH, Respondent,
MINNESOTA DEPARTMENT OF MANPOWER SERVICES, Respondent,
v.
MIDWEST LUMBER COMPANY, Relator.
No. 43701.
Supreme Court of Minnesota.
February 23, 1973.
Swanson & Prueter, Minneapolis, for relator.
Kenneth J. Tilseth, pro se.
*645 Warren Spannaus, Atty. Gen., Curtis D. Forslund, Sol. Gen., Peter C. Andrews, Asst. Atty. Gen., William A. Peters, Sp. Asst. Atty. Gen., St. Paul, for Dept. Manpower Services.
Heard before KNUTSON, C. J., and OTIS, MacLAUGHLIN, and OLSON, JJ.
O. RUSSELL OLSON, Justice.[*]
This proceeding is before this court by writ of certiorari upon application of the relator-employer to review an order of the commissioner of manpower services. It raises the issue of whether the consumption of intoxicants by a truck driver during working hours constitutes statutory "misconduct" sufficient to justify a partial forfeiture of unemployment benefits.
Claimant, Kenneth J. Tilseth, was discharged by his employer, Midwest Lumber Company, after 5 years of employment. He subsequently applied for unemployment benefits. A claims deputy for the Department of Manpower Services determined that Tilseth had been discharged for misconduct and disqualified him for 5 weeks' unemployment and reduced his maximum benefit amount by 5 times his weekly benefit amount pursuant to Minn.St. 268.09, subd. 1. Tilseth appealed the deputy's determination to the department's appeal tribunal. The employer claimed Tilseth had been discharged (a) for rudeness to a customer and (b) for the frequent presence of the odor of alcohol on his breath during employment and, by inference, for consuming alcoholic intoxicants while at work.
While the findings of fact of the appeal tribunal with respect to claimant's conduct are not as explicit as desirable, it did find:
(a) The claimant had not displayed overt symptoms of intoxication at work "except for talking loudly;"
(b) The claimant's alleged conduct had never resulted in the employer's curtailing the employee from driving the employer's truck at work;
(c) The odor of alcohol had been present on claimant's breath on repeated occasions at work.[1]
From the latter finding of fact, it may reasonably be inferred that claimant consumed alcoholic beverages while on duty.
The findings of fact and decision of the appeal tribunal were appealed by the employer to the commissioner of the Department of Manpower Services, whose order affirming the decision is before this court for review.
The issue is whether repeated consumption of intoxicants by an employee truckdriver during working hours constitutes "misconduct" within the meaning of Minn. St. 268.09, subd. 1, sufficient to justify partial forfeiture of unemployment benefits. The statute reads in part that an individual shall be disqualified for benefits:
"If such individual * * * was discharged for misconduct, not amounting to gross misconduct, connected with his work or for misconduct which interferes with and adversely affects his employment, if so found by the commissioner, for not less than five nor more than eight weeks of unemployment in addition to and following the waiting period, * * * and the maximum benefit amount payable to such individual shall be reduced as follows:
(a) by an amount equal to the weekly benefit amount times the number of weeks for which such individual was disqualified, when the separation occurs as a result of discharge for misconduct."
This court has not previously defined "misconduct" as the term is used in this *646 section. The leading case defining "misconduct" under a similar statute was decided in Wisconsin in 1941 and the definition has been widely accepted by other courts throughout the country. In that case, Boynton Cab Co. v. Neubeck, 237 Wis. 249, 259, 296 N.W. 636, 640 (1941), the court wrote:
"* * * [T]he intended meaning of the term `misconduct' * * * is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good-faith errors in judgment or discretion are not to be deemed `misconduct' * * *."
The court in Boynton Cab Company concluded that the employee was not guilty of misconduct for his failure to report some minor accidents in the manner required by the employer's rules. Further, the court upheld the commission's finding that the employee's accident record did not show an unreasonable course of conduct. Additionally, in the Wisconsin case of Transport Oil, Inc. v. Cummings, 54 Wis.2d 256, 195 N.W.2d 649 (1972), the court upheld an appeal tribunal's finding regarding intoxication while on duty. The tribunal found that the alleged employer had not shown that his employee was intoxicated while on duty and that the consumption of intoxicants while on duty as a gasoline service station attendant did not amount to misconduct.
We adopt the construction of "misconduct" enunciated in Boynton. Applying the Boynton test to the facts of this case, we hold that repeated consumption of intoxicants during working hours by a truckdriver using the public streets does constitute "misconduct" within the meaning of the statute. It should be noted that our decision here is not inconsistent with the Cummings case. The employee in that case was a gasoline service station attendant, whereas in the instant case Tilseth was a truckdriver operating on the public streets.
An additional disputed fact issue below was whether the employee had insulted one of the employer's customers while at work. The finding of fact on that issue was against the employer and is supported by the evidence. The decision of this court in this case does not rest on that disputed fact issue.
Reversed and remanded.
NOTES
[*] Acting as Justice of the Supreme Court by appointment pursuant to Minn.Const. art. 6, § 2, and Minn.St. 2.724, subd. 2.
[1] As to finding of fact (c), a reading of the findings of fact and decision of the appeal tribunal discloses that finding not in the portion of the decision entitled "Findings of Fact" but in the portion entitled "Reasons for Decision." Nevertheless, it is clearly a finding of fact by the tribunal.