Malcolm EDWARDS, Relator,

v.

YELLOW FREIGHT SYSTEMS,
Respondent,

and

Commissioner of Economic
Security, Respondent.

No. C6–83–1135.

Court of Appeals of Minnesota.

Jan. 18, 1984.

Malcolm Edwards, pro se.

Yellow Freight Systems, pro se.

Hubert H. Humphrey, III, Atty. Gen., Laura E. Mattson, Sp. Asst. Atty. Gen., St. Paul, for respondent Commissioner of Economic Security.

Considered and decided by PARKER, P.J., and WOZNIAK and LANSING, JJ., without oral argument.

## OPINION

LANSING, Judge.

Malcolm Edwards appeals by writ of certiorari from a decision by the Commissioner of Economic Security affirming his disqualification from receiving unemployment benefits during a 30-day suspension period. We affirm.

Edwards began working for Yellow Freight on August 9, 1977. He did not work from September 1977 until March 10, 1982, due to injuries sustained in several automobile accidents. On March 9, 1982, Edwards received a medical release from his doctor which said that he could return to work without restrictions. On March 11, he returned to work as a dock worker on the night shift (1:00 a.m. to 9:30 a.m.), earning $13.21 per hour. Shortly after Edwards returned to work, severe attendance problems arose. He was counseled about

the attendance problems, but they continued.

From June of 1982 through November of 1982, Edwards was absent for 15 days due to sickness. In addition to the 15 days, Edwards failed to report to work on several other days. Yellow Freight has a regulation that an employee must call in two hours prior to the beginning of a shift when he or she will be absent. Edwards failed to report for work and failed to call in prior to the beginning of work on August 2, August 29, September 29 and November 30, 1982. He received warning letters for his poor attendance, a warning letter for his failure to call in on August 2, and letters of reprimand for his failure to call in on August 29 and September 29. Edwards appealed the August 2 letter to a grievance committee composed of employers and Teamsters. The grievance committee reduced the letter of warning to a letter of reprimand.

Edwards failed to report for work or to call in prior to his starting time on November 30. He was discharged. Edwards acknowledged that he knew he was supposed to call in prior to the start of his shift and that absenteeism was the reason for the discharge. He does not dispute the fact that he did not come in or call before the start of work. Edwards did submit a letter from his doctor dated December 1, 1982, stating that he had been under the doctor's care and unable to work since November 29, 1982. Edwards appealed the discharge to his union. A grievance committee reduced the discharge to a 30-day suspension with no compensation. Edwards applied for unemployment benefits for the 30 days during which he was suspended.

A claims deputy for the Department of Economic Security determined that Edwards was suspended from his employment for reasons other than misconduct. This determination was reversed by an appeal tribunal. The appeal tribunal found, among other things, that Edwards was suspended for 30 days because he did not report to work or call in prior to the start of work on November 30, 1982. The appeal tribunal further found that Edwards had received three prior warning letters for not keeping his employer informed of his availability for work. The appeal tribunal also found that although Edwards was sick with a viral infection on November 30, 1982, he was not hospitalized or incapacitated to such an extent that he could not have called his employer to keep him informed of his availability for work. The appeal tribunal concluded that Edwards was suspended for misconduct and thus is disqualified for benefits during the suspension. A representative of the commissioner affirmed the decision of the appeal tribunal. Edwards appealed.

Minn.Stat. § 268.09, subd. 1, provides for disqualification for misconduct:

> * * * An individual separated from employment under clauses (1), (2) and (3) shall be disqualified for waiting week credit and benefits until 4 calendar weeks have elapsed following his separation and he has earned four times his weekly benefit amount in insured work.
>
> *    *    *    *    *    *
>
> (2) Discharge for misconduct. The individual was discharged for misconduct, not amounting to gross misconduct connected with his work or for misconduct which interferes with and adversely affects his employment.
>
> *    *    *    *    *    *

In addition, subd. 1(6) provides that an individual shall be disqualified for benefits for the duration of any disciplinary suspension of 30 days or less if the suspension results from the individual's own misconduct. Misconduct was defined by the Minnesota Supreme Court in *Tilseth v. Midwest Lumber Co.*, 295 Minn. 372, 374–75, 204 N.W.2d 644, 646 (1973):

> [T]he intended meaning of the term "misconduct" * * * is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such

degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good-faith errors in judgment or discretion are not to be deemed "misconduct."

The court has applied this definition of misconduct in a case involving absenteeism due to illness and a concomitant failure to notify the employer of inability to report to work. *Moeller v. Minnesota Department of Transportation,* 281 N.W.2d 879 (Minn. 1979). The court found that the employee's failure to report to work or to notify his employer constituted misconduct under § 268.09, subd. 1(2). Although subd. 1(2) deals with discharges for misconduct, whereas subd. 1(6) deals with suspensions for misconduct, there is no reason to distinguish the application of this holding. Misconduct sufficient to support a discharge should also support a suspension.

█ Edwards is not entitled to benefits during his 30-day suspension period. The suspension resulted from his own misconduct. He repeatedly failed to notify Yellow Freight of his inability to report to work although he knew that the regulations required an employee to call in at least two hours before the start of the shift if unable to work. He had been counseled, reprimanded and warned. The commissioner's determination that Edwards was suspended from employment for misconduct is affirmed.