**Susan Karen EVENSON, Relator,**

v.

**OMNETIC'S, Respondent,**

**Commissioner of Economic Security, Respondent.**

**No. C5–83–1868.**

Court of Appeals of Minnesota.

March 7, 1984.

Susan K. Evenson, pro se.

Omnetic's, pro se.

Peter C. Andrews, Sp. Asst. Atty. Gen., St. Paul, Com'r of Economic Sec.

Considered and decided by POPOVICH, C.J., and PARKER and LANSING, JJ.

## OPINION

POPOVICH, Chief Judge.

Relator Susan K. Evenson was fired for excessive absenteeism, tardiness, leaving work early, and taking long lunches. The Department of Economic Security found that Evenson was discharged for misconduct and denied her unemployment compensation benefits. The Commissioner's representative affirmed the claims deputy and appeal tribunal. This court granted certiorari. We affirm.

## FACTS

Evenson first began working for respondent Omnetic's in July of 1981 and was laid-off in March of 1982 because of absenteeism. She was rehired in May of 1982 and placed on probation until further notice. She worked as an assembler until she was discharged on June 24, 1983 for excessive absenteeism, tardiness, leaving work early and taking long lunches.

Evenson's regular working hours were 7:00 a.m. to 3:30 p.m., Monday through Friday. She was also allowed one-half hour for lunch.

Each employee of Omnetic's received a policy manual at the time of hiring. The manual provided that, at the discretion of Omnetic's, excessive or unwarranted absenteeism or tardiness which is unexplained within 10 minutes after the start of a shift, could result in a verbal warning, a written warning, suspension without pay, or discharge. The policy manual also provided that, "since each employee is vital to the success of company operations, being on the job by the starting time is required."

During the four-week period preceding her discharge, relator was late reporting for work on three occasions without explanation and took excessively long lunches on four occasions. She was warned, orally and in writing, concerning her tardiness.

Relator Evenson applied for unemployment compensation benefits. The claims deputy, an appeals tribunal, and the Commissioner's representative all found that Evenson's tardiness was misconduct which disqualified her from receiving unemployment benefits.

## ISSUE

Whether unexcused tardiness is misconduct sufficient to disqualify the employee for unemployment compensation benefits.

## ANALYSIS

In reviewing a decision of the Commissioner of Economic Security, a reviewing court's scope of review is limited to a consideration of:

[W]hether the department kept within the jurisdiction; whether it proceeded on an erroneous theory of law; whether its action was so arbitrary and unreasonable as to represent its will and not its judgment; and whether the decision of the department is without evidence to support it.

*Lumpkin v. North Central Airlines, Inc.*, 296 Minn. 456, 460, 209 N.W.2d 397, 400 (1973); *Johnson v. Wilson & Co.*, 266 Minn. 500, 507, 124 N.W.2d 496, 501 (1963); *King v. Little Italy*, 341 N.W.2d 896 (Minn. Ct.App.1984).

Under Minnesota's Economic Security laws, an employee fired for misconduct is disqualified from receiving unemployment compensation benefits. Minn.Stat. § 268.09, subd. 1 (1982).

Minn.Stat. § 268.09, subd. 1 (1982) provides, in part:

An individual separated from employment under clauses * * * (2) * * * shall be disqualified for waiting week credit and benefits * * * until four calendar weeks have elapsed following his separation and [he] has earned four times his weekly benefit amount in insured work.

＊　　＊　　＊　　＊　　＊　　＊

(2) The individual was discharged for misconduct * * * connected with his work or for misconduct which interferes with and adversely affects his employment.

■ Misconduct, as a disqualification, is to be narrowly construed. *Smith v. Em-*

*ployers' Overload Company,* 314 N.W.2d 220, 221 (Minn.1981). The employer has the burden of proving misconduct. *Plowman v. Copeland, Buhl and Co., Ltd.,* 261 N.W.2d 581, 585 (Minn.1977).

In *Auger v. Gillette Co.,* 303 N.W.2d 255, 257 (Minn.1981), the Minnesota Supreme Court held,

> The test of whether activity constitutes misconduct for purposes of disqualification from unemployment compensation benefits is whether it is in willful disregard of an employer's interest—the disregard of standards of behavior which the employer has a right to expect of his employee.

The Minnesota Supreme Court defined misconduct in *Tilseth v. Midwest Lumber Co.,* 295 Minn. 372, 375, 204 N.W.2d 644, 646 (1973), stating:

> [T]he intended meaning of the term "misconduct" * * * is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree of recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand, mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good-faith errors in judgment or discretion are not to be deemed "misconduct" * * *.

 The Commissioner's findings are reviewed in the light most favorable to his decision and, where there is evidence reasonably tending to sustain them, the findings should not be disturbed. *White v. Metropolitan Medical Center,* 332 N.W.2d 25 (Minn.1983); *Booher v. Transport Clearings of Twin Cities, Inc.,* 260 N.W.2d 181, 183 (Minn.1977); *King v. Little Italy, supra.*

Relator's continued tardiness, combined with several warnings, evidences disregard by the employee of the employer's interest. It is a violation of standards of behavior which the employer had a right to expect of its employees.

## DECISION

In this record, we find that there is sufficient and adequate evidence reasonably supporting the finding of the Commissioner's representative that relator was terminated for her misconduct.

The decision of the representative of the Commissioner of Economic Security is hereby affirmed.

Affirmed.