Gary WOODWARD, Relator,

v.

**INTERSTATE OFFICE SYSTEMS,
Department of Economic Security,
Respondents.**

**No. C7–85–1388.**

Court of Appeals of Minnesota.

Dec. 24, 1985.

Berry Friesen, St. Paul, for relator.

Interstate Office Systems, pro se.

Hubert H. Humphrey, III, Atty. Gen., Laura Mattson, Sp. Asst. Atty. Gen., St. Paul, for respondents.

Heard, considered and decided by LESLIE, P.J. and WOZNIAK and HUSPENI, JJ.

## OPINION

WOZNIAK, Judge.

Gary Woodward appeals by writ of certiorari from a determination by the Commissioner of Economic Security that he was discharged for misconduct. We affirm.

### FACTS

Gary Woodward was employed by Interstate Office Systems, Inc. (Interstate) as its service manager from June 9, 1984 to December 28, 1984. Interstate sells and services dictation and word processing equipment.

On August 27, 1984, the president of Interstate, Cordell Hull, sent Woodward a memorandum notifying him of several problems with his department. That memorandum requested Woodward to respond to Hull regarding some of the problems.

Woodward apparently attempted to remedy the problems, but did not contact Hull in response to the August memorandum. Subsequently, Hull sent Woodward a memorandum dated November 19, 1984, and nine other memoranda dated November 20, 1984, relating to the problems previously noted and requesting immediate action. One of those memoranda requested a progress report, and some of them contained questions. On November 23 and December 4, 1984, Hull sent Woodward two more memoranda, specifically requesting responses to the previous memoranda. Woodward again did not respond to the memoranda, although he continued to work on the problems. On December 11, 1984,

Hull sent Woodward a final warning regarding the problems, and on December 18 requested Woodward to meet with him in his office the following day at 9:00 a.m. Woodward did not meet with Hull on December 19 as requested.

Hull discharged Woodward on December 28, 1984. Woodward applied for unemployment compensation, and a claims deputy awarded him benefits, noting that Interstate had not responded to Woodward's claim. Interstate appealed the award of benefits.

At the hearing before a department referee, Hull testified at great length concerning his dissatisfaction with Woodward's performance as a service manager. Much of his testimony simply restated the problems he had described in his memoranda; however, in addition, Hull indicated several times that Woodward had failed to respond to his memoranda.

The referee determined that Woodward was discharged for misconduct. In her decision, the referee explained:

> The referee was persuaded by the claimant's testimony that he was, in fact, making a legitimate effort to improve his performance and that with one exception, therefore, his performance did not constitute misconduct * * *. The exception at issue was the claimant's failure to respond to the memos he had received on November 20, 1984; November 23, 1984; December 4, 1984; and December 18, 1984. An employer has the right to expect that when asked to do so, its employees will keep it apprised of their progress, or lack of progress, in correcting problem areas in their performances of which they have been made aware. The referee was not impressed by the claimant's testimony to the effect that he had been too busy to respond to the employer's memos.

A Commissioner's representative affirmed the referee, concurring with her reasoning.

## ISSUES

1. Was Woodward's failure to answer Hull's memoranda a cause in fact of his discharge?

2. Did Woodward's failure to respond to Hull's memoranda constitute "misconduct"?

## ANALYSIS

### I.

An employee is disqualified from receiving unemployment compensation benefits if he was discharged for misconduct. Minn. Stat. § 268.09, subd. 1(2) (1984). "Misconduct" has been defined as follows:

[T]he intended meaning of the term 'misconduct' * * * is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good-faith errors in judgment or discretion are not to be deemed 'misconduct' * * *.

*Tilseth v. Midwest Lumber Co.,* 295 Minn. 372, 375, 204 N.W.2d 644, 646 (1973) (quoting *Boynton Cab Co. v. Neubeck,* 237 Wis. 249, 259, 296 N.W. 636, 640 (1941)). An employer has the burden of proving by a preponderance of the evidence that an employee was discharged for misconduct. *Lumpkin v. North Central Airlines, Inc.,* 296 Minn. 456, 209 N.W.2d 397 (1973).

Woodward argues that he was not terminated because he failed to respond to Hull's memoranda. He claims, rather, that he was discharged because of his poor job performance, which the Commissioner's representative found did not constitute misconduct.

Contrary to Woodward's allegations, Interstate did not claim that he was discharged solely because of his poor job performance. Rather, Interstate claimed Woodward was discharged because of a series of problems, including his failure to respond to the memoranda. At several points during the course of his testimony, Hull specifically noted that Woodward had not responded to his memoranda.

In *Campbell v. Minneapolis Star & Tribune,* 345 N.W.2d 803 (Minn.Ct.App. 1984), this court indicated that an employee's conduct over a period of four years may be examined to determine whether he was fired for misconduct. In *Blau v. Masters Restaurant Associates, Inc.,* 345 N.W.2d 791 (Minn.Ct.App.1984), a progression of events was also found to constitute misconduct. Here, also, the record indicates that Interstate discharged Woodward for several reasons. Although some of those reasons may not have constituted misconduct, it was the Commissioner's responsibility to determine whether any of Woodward's actions would fall within the *Tilseth* definition of "misconduct." The test is whether there is reasonable support in the evidence to support the Commissioner's decision. *Nelson v. Bemidji Regional Interdistrict Council,* 359 N.W.2d 38 (Minn.Ct.App.1984). Here, the record would support a finding that Woodward was discharged in part for failing to respond to Hull's memoranda.

As Woodward points out, neither the referee nor the Commissioner's representative made a specific finding that Woodward was discharged because he failed to respond to Hull's memoranda. However, both the referee and the Commissioner's representative did refer to this issue in their decisions. It is unnecessary to remand for findings where such remand would serve no purpose. *Nyberg v. R.N. Cardozo & Brother, Inc.,* 243 Minn. 361, 67 N.W.2d 821 (1954). Since the record would support a finding that Woodward was discharged in part for

failing to respond to Hull's memoranda, remand for such a finding is unnecessary.

## II.

Woodward also argues that he did not have time to respond to Hull's memoranda because he was too busy trying to remedy the problems noted in those memoranda.

The referee indicated that she "was not impressed by the claimant's testimony to the effect that he had been too busy to respond * * *." The referee concluded: "An employer has the right to expect that when asked to do so, its employees will keep it apprised of their progress, or lack of progress, in correcting problem areas in their performances of which they have been made aware." The Commissioner's representative agreed with the referee, and also noted that Woodward had failed to remain at Hull's office on December 19 until Hull was free to see him. The Commissioner's representative concluded that this also evidenced a lack of concern by Woodward for his job.

We believe the Commissioner's representative properly determined that Woodward's failure to respond to the memoranda evidenced a "substantial disregard of his employer's interests," thereby constituting misconduct under *Tilseth*. Hull asked Woodward several times to respond to his memoranda and requested that he meet him on December 19. The record establishes that Woodward did not respond to the memoranda and did not wait around when Hull was unavailable on December 19. We have recently indicated that an employee's failure to accede to an employer's reasonable request may constitute misconduct. *Sandstrom v. Douglas Machine Corp.*, 372 N.W.2d 89 (Minn.Ct.App.1985). That conclusion is equally applicable in this instance.

## DECISION

Woodward was discharged for misconduct and is not entitled to receive unemployment compensation benefits.

Affirmed.