**RAY N. WELTER HEATING COMPANY, Relator,**

v.

**Daniel LARSON, Commissioner of Jobs & Training, Respondents.**

No. C6–86–1005.

Court of Appeals of Minnesota.

Oct. 14, 1986.

E. John Abdo, Abdo and Abdo, P.A., Minneapolis, for relator.

Daniel Larson, pro se.

Hubert H. Humphrey, III, Atty. Gen., Donald E. Notvik, Sp. Asst. Atty. Gen., St. Paul, for respondents.

Considered and decided by PARKER, P.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## MEMORANDUM OPINION

FORSBERG, Judge.

The employer appeals from an order of the Commissioner's representative which upheld Daniel Larson's claim for unemployment compensation benefits. We affirm.

## FACTS

Daniel Larson, a sheet metal worker, was employed by the Ray N. Welter Heating Company for approximately 20 weeks. During that time, Larson missed 19 days of work and averaged only 7.7 hours per day on those days when he did work. The parties dispute whether Larson was warned about his absences and whether he was required to work 8 hours per day. However, there is no evidence that Larson's absences were unexcused; he called his employer whenever he was going to be absent.

On the morning of February 5, 1986, Larson and his supervisor began to argue about whether Larson had completed a job properly, or whether he should go back and do the job over. The two men started yelling, and the supervisor told Larson to bring in his tools. In a separation notice dated that same day, the employer indicated that Larson was discharged due to "lack of skills."

A Commissioner's representative granted Larson's claim for unemployment compensation, finding that the employer had discharged him because of his poor work performance and not because of his absences or insubordination. The employer has appealed.

## DECISION

An employee who is discharged for misconduct is not entitled to receive unemployment compensation benefits. Minn.Stat. § 268.09, subd. 1(2) (1984). "[M]ere inefficiency, unsatisfactory conduct [or] failure in good performance as the result of inability or incapacity * * * [is] not to be deemed 'misconduct.'" *Tilseth v. Midwest Lumber Co.,* 295 Minn. 372, 374–75, 204 N.W.2d 644, 646 (1973).

The employer has the burden of proving misconduct. *Lumpkin v. North Central Airlines, Inc.,* 296 Minn. 456, 459, 209 N.W.2d 397, 400 (1973). Here, the Commissioner's representative determined that the employer did not meet its burden of proving misconduct due to Larson's absences or insubordination. Rather, the representa-

tive found that Larson was discharged because of his poor work performance. Since there is evidence in the record reasonably tending to sustain the Commissioner's findings, they will not be disturbed. *White v. Metropolitan Medical Center,* 332 N.W.2d 25, 26 (Minn.1983).

Affirmed.