**Mary Beth SKIC, Relator,**

v.

**BEVERAGE TRANSPORTATION, Commissioner of Jobs and Training, Respondents.**

No. C4–87–459.

Court of Appeals of Minnesota.

June 16, 1987.

Mary Beth Skic, pro se.

Beverage Transportation, pro se.

Hubert H. Humphrey, III, Atty. Gen., Peter C. Andrews, Sp. Asst. Atty. Gen., St. Paul, for Commissioner of Jobs and Training.

Considered and decided by POPOVICH, C.J., and STONE, and MULALLY, JJ.,* with oral argument waived.

## OPINION

MULALLY, Acting Judge.

Relator Mary Beth Skic seeks review of a determination by the Department of Jobs and Training that she was discharged for misconduct. We affirm.

## FACTS

Mary Beth Skic was hired by the respondent trucking company in September, 1985, to work full-time as an over-the-road truck driver. In April, 1986, she received a written warning from the respondent for failing to properly deliver a load. The warning stated that she should notify respondent's dispatcher if she had any problems picking up or delivering her loads, and that any future incidents would result in her immediate termination.

The respondent pays its drivers each Friday for work performed through the previous Friday. On Friday, June 6, 1986, Skic, who was en route from Idaho to Wausau, Wisconsin, telephoned the respondent and

asked that her pay be credited to an account which she could draw on while on the road. The respondent refused, because its policy is to mail paychecks to a driver's residence. Skic responded by complaining that her paychecks were consistently late, and indicated that she was going to report the respondent to the Wage and Hour Division of the U.S. Department of Transportation. Skic claims that she told the respondent she was going to Wage and Hour the following Monday.

Skic was scheduled to deliver her load in Wausau on the following Monday, June 9. Instead of driving to Wausau, however, she returned to the Twin Cities area, and on Sunday, June 8, she parked the respondent's truck at a truck stop in Savage, Minnesota near her home. The truck stop is only a few miles from the respondent's terminal. The respondent's policy is that drivers are to return trucks to its terminal when they are in the Twin Cities area.

Skic did not inform the respondent that she had parked the truck at a truck stop. She also did not deliver her load to Wausau on Monday, as scheduled. She claims that she often parked her truck at the truck stop, and that she didn't go to Wausau because she believed she was "out of hours." She did not, however, inform the respondent of that problem when she called in on Friday, nor did she telephone the respondent on Monday.

On the morning of Tuesday, June 10, Skic returned the truck to the respondent's terminal, still loaded, and demanded that she be paid. After some discussion, Skic left. No loads were assigned to her thereafter.

As a result of Skic's conduct, another driver was required to drive Skic's load to Wausau, and the respondent lost a return load that had been scheduled to be picked up in Wausau on Monday, June 9.

After a hearing, a referee from the Department of Jobs and Training determined that Skic was discharged for misconduct and disqualified from receiving employ-

* Acting as judge of the Court of Appeals by appointment pursuant to Minn.Const. art. 6, § 2.

ment compensation benefits. Skic appealed, and a Commissioner's representative remanded the matter for further testimony, because Skic had failed to appear at the hearing.

A second hearing was held, and a department referee again concluded that Skic had been discharged for misconduct. Skic appealed again, and a Commissioner's representative affirmed.

## ISSUE

Does the record support the Commissioner's determination that Skic was discharged for misconduct disqualifying her from the receipt of unemployment compensation benefits?

## ANALYSIS

■■■ "Misconduct" for unemployment compensation purposes is defined as follows:

> The intended meaning of the term "misconduct" * * * is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good-faith errors in judgment or discretion are not to be deemed "misconduct."

*Tilseth v. Midwest Lumber Co.*, 295 Minn. 372, 374–75, 204 N.W.2d 644, 646 (1973) (quoting *Boynton Cab Co. v. Neubeck*, 237 Wis. 249, 259, 296 N.W. 636, 640 (1941)). The question whether an employee's actions constitute misconduct is one of law; thus, this court need not defer to the Commissioner's determination. *Dean v. Allied Aviation Fueling Co.*, 381 N.W.2d 80, 83

(Minn.Ct.App.1986) (citing *Smith v. Employer's Overload Co.*, 314 N.W.2d 220, 221 (Minn.1981)). The court, however, must defer to the Commissioner's factual findings. *Id.*

Skic's arguments focus primarily upon the Commissioner's factual findings. She claims that she told the respondent she was going to the Wage and Hours Office on Monday, June 9; however, the respondent testified that Skic did not specifically state she was going there on Monday. Even if she had told the respondent that she was going on Monday, the respondent would have had no reason to believe Skic would not also deliver her load to Wausau that day.

Skic also claims that she informed the respondent she had driven hours in excess of those allowed, and could not legally drive the load to Wausau until Tuesday. Further, Skic argues that the respondent knew she often stored her truck at the truck stop in Savage. The respondent submitted testimony directly contradicting these claims, and the Commissioner's representative, in his discretion, was entitled to place greater weight on the testimony of the respondent's witnesses. It is not the function of this court to reweigh the evidence to determine where the preponderance lies. *Nyberg v. R.N. Cardozo & Brother, Inc.*, 243 Minn. 361, 364, 67 N.W.2d 821, 823 (1954).

Skic argues that the load she was carrying was not perishable, and that she had not been told she was scheduled to pick up a return load from Wausau on Monday, June 9. Thus, Skic concludes, her actions that day should not be characterized as misconduct, since she did not intend to harm her employer.

■■■ An employee's actions need not be deliberate to constitute misconduct. *Barstow v. Honeywell, Inc.*, 396 N.W.2d 714, 716 (Minn.Ct.App.1986). The *Tilseth* definition also encompasses "carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the em-

ployer's interest or of the employee's duties and obligations to his employer." *Tilseth,* 295 Minn. at 375, 204 N.W.2d at 646. In the recent past, Skic had received a warning that she should notify the dispatcher of any problems with a delivery, and that failure to do so could result in her immediate discharge. Nevertheless, Skic failed to inform her employer that she would not be able to make the delivery on Monday. In addition, she stored the truck at a location near the respondent's terminal in violation of the respondent's rules, and never called on Monday to explain where she or the truck was. These actions meet the *Tilseth* definition of "misconduct."

Finally, Skic argues that a single, essentially isolated or harmless incident of employee disregard for the employer's rules does not constitute misconduct. Skic cites *Sticha v. McDonald's No. 291,* 346 N.W.2d 138 (Minn.1984) and *Windsperger v. Broadway Liquor Outlet,* 346 N.W.2d 142 (Minn.1984) in support of this argument; however, *Windsperger* dealt with an isolated *"hotheaded"* incident, which is not the case here. Moreover, the *Sticha* court stated that a single incident may constitute misconduct if it demonstrates sufficient disregard for the employer's interests. *Sticha,* 346 N.W.2d at 140.

### DECISION

The record supports the Commissioner's determination that Skic's actions constituted misconduct.

Affirmed.