LaVonne CHRISTENSON, Relator,

v.

CITY OF ALBERT LEA, Commissioner of Jobs and Training, Respondents.

No. C9-87-263.

Court of Appeals of Minnesota.

July 28, 1987.

Bob A. Goldman, Tuveson, Goldman & Nelson, Albert Lea, for Christenson.

Kurt S. Fischer, City Atty., Albert Lea, Chester D. Swenson, Albert Lea, for City of Albert Lea.

Hubert H. Humphrey, III, State Atty. Gen., Donald E. Notvik, Sp. Asst. Atty. Gen., St. Paul, for Com'r of Jobs and Training.

Considered and decided by HUSPENI, P.J., and WOZNIAK and CRIPPEN, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

LaVonne Christenson seeks review of a determination that she was discharged by the respondent City of Albert Lea for misconduct, disqualifying her from the receipt of unemployment compensation benefits. We reverse and remand.

## FACTS

Relator LaVonne Christenson began working for the respondent City of Albert Lea as a housing technician in 1979. In October 1985, Christenson was suspended for three hours after she informed her supervisor that she was too busy to do certain work assigned to her that day. She stayed at work during those three hours, but was not paid.

Christenson was suspended again for two days in February 1986 because her supervisor believed she had spent too much time discussing a matter with a tenant. In June 1986, Christenson was reassigned to a primarily clerical position in the housing department.

On July 1, 1986, Christenson's supervisor was in her office with a tenant, discussing a matter of interest to Christenson. The supervisor did not want Christenson to be involved in the conversation, and asked Christenson three times to leave.

Christenson was discharged on July 23, 1986, after she refused to perform a rent calculation in the manner demanded by her supervisor. Christenson had confronted the supervisor three times that day, claiming the supervisor's method was wrong and

violated federal law. The City discharged Christenson for this incident, together with her past behavior, which the City viewed as insubordination.

Christenson applied for unemployment compensation benefits, which were initially denied on the basis that her actions constituted misconduct. Christenson appealed and, at a hearing, introduced evidence to support her claim that her refusal to perform the rent calculation as requested was reasonable, since that method of calculation was contrary to Department of Housing and Urban Development (HUD) standards. Nevertheless, neither the referee nor, on appeal, a Commissioner's representative, addressed Christenson's claim that the acts she was requested to perform were illegal. The Commissioner's representative determined only that Christenson's "disruptive" actions constituted misconduct.

## ISSUE

Does the record support the Commissioner's determination that Christenson was discharged for misconduct disqualifying her from the receipt of unemployment compensation benefits?

## ANALYSIS

Minn.Stat. § 268.09, subd. 1(2) (1986) provides that an individual who is discharged from his employment for misconduct is disqualified from receiving unemployment compensation benefits. "Misconduct" has been defined as follows:

[T]he intended meaning of the term "misconduct" * * * is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the oth-

er hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good-faith errors in judgment or discretion are not to be deemed "misconduct."

*Tilseth v. Midwest Lumber Co.*, 295 Minn. 372, 374–75, 204 N.W.2d 644, 646 (1973) (quoting *Boynton Cab Co. v. Neubeck*, 237 Wis. 249, 259, 296 N.W. 636, 640 (1941)). The employer has the burden of proving misconduct by the greater weight of the evidence. *Lumpkin v. North Central Airlines, Inc.*, 296 Minn. 456, 459, 209 N.W.2d 397, 400 (1973). Although this court should defer to the Commissioner's findings of fact, misconduct is ultimately a question of law, which this court may independently review. *Dean v. Allied Aviation Fueling Co.*, 381 N.W.2d 80, 83 (Minn. Ct.App.1986).

We have held that insubordination may constitute misconduct disqualifying an employee from the receipt of unemployment compensation benefits. *See Poepke v. Downtown Standard*, 356 N.W.2d 812 (Minn.Ct.App.1984); *Snodgrass v. Oxford Properties, Inc.*, 354 N.W.2d 79 (Minn.Ct. App.1984). Nevertheless, we have also indicated that an employer's request must be reasonable:

> The general rule is that if the request of the employer is reasonable and does not impose an unreasonable burden on the employee, a refusal will constitute misconduct.

*Sandstrom v. Douglas Machine Corp.*, 372 N.W.2d 89, 91 (Minn.Ct.App.1985) (citing *Hollar v. Richard Manufacturing Co.*, 346 N.W.2d 692 (Minn.Ct.App.1984)). In *Sandstrom*, we concluded that an employee's refusal to sign a confidentiality agreement constituted misconduct. On the other hand, in *Enz v. Holiday Inn North*, 388 N.W.2d 756 (Minn.Ct.App.1986), we held that a kitchen manager's refusal to speak in public did not constitute misconduct. As we indicated in *Sandstrom*, "[w]hat is 'reasonable' will vary according to the circumstances of each case." *Sandstrom*, 372 N.W.2d at 91.

In *Ferguson v. Department of Employment Services*, 311 Minn. 34, 247 N.W.2d 895 (1976), where an employee had refused to work in a room he believed unsafe, the supreme court remanded for additional findings and evidence, stating:

> The resolution of [the misconduct] issue on remand will depend on a determination of whether or not it was reasonable for relator to believe he had valid grounds for concern over his personal safety * * *.

*Id.* at 38, 247 N.W.2d at 897. The court noted that the Commissioner had concluded Ferguson "failed to prove that his assigned work area was * * * unsafe." *Id.* The court rejected the Commissioner's analysis, stating:

> The fallacy in this holding * * * is the fact that it fails to determine whether or not at the time relator objected to working in the TPS room there was information available to him which made his refusal to work unreasonable.

*Id.* at 41, 247 N.W.2d at 898.

■ In the present situation, the Commissioner's representative failed to determine whether Christenson's refusal was reasonable under the circumstances; i.e., whether she reasonably believed that compliance with her supervisor's request would have violated HUD regulations. As in *Ferguson*, remand for additional evidence and findings on the issue of reasonableness is proper.

■ Finally, we reject the Commissioner's conclusion that Christenson's past behavior constituted misconduct. Her past behavior at most manifested poor judgment, which is specifically excluded from the *Tilseth* definition of misconduct. *Tilseth*, 295 Minn. at 375, 204 N.W.2d at 646.

## DECISION

The Commissioner's representative erred by failing to consider whether Christenson's conduct was reasonable under the circumstances. Upon rehearing, evidence of the HUD regulations in question and Christenson's knowledge and under-

standing of those regulations should be received.

Christenson's prior behavior did not constitute disqualifying misconduct.

Reversed and remanded.