Virginia ENGLER, Relator,

v.

MARSHALL TURKEY PLANT, Beatrice Meats, Inc., Commissioner of Jobs and Training, Respondents.

No. CX–87–191.

Court of Appeals of Minnesota.

July 28, 1987.

Luther M. Amundson, James M. Crist, Minneapolis, for Engler.

George V. Gallagher, Oakbrook, Ill., for Marshall Turkey Plant.

Hubert H. Humphrey, III, Atty. Gen., Donald E. Notvik, Sp. Asst. Atty. Gen., St. Paul, for Com'r of Jobs and Training.

Heard, considered and decided by SEDGWICK, P.J., and PARKER and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Virginia Engler appeals from a determination by the Department of Jobs and Training that she engaged in misconduct and is therefore disqualified from receiving unemployment compensation benefits. We affirm with respect to the remand and evidentiary decisions, but reverse the Commissioner's determination that Engler's actions constituted misconduct.

## FACTS

Relator Virginia Engler was employed by the respondent turkey processing plant for ten years. The employer had a policy prohibiting employees in the processing area from eating candy or chewing gum.

On October 28, 1985, Engler gave pieces of gum from a Chiclets box to three of her coworkers, who became ill, with one of them missing four hours of work the next day. The employees claimed that the gum was really Feen-a-mint laxative gum, and Engler was dismissed from her job.

Engler applied for unemployment compensation and, after a hearing, a referee from the Department of Jobs and Training determined that Engler was separated for reasons other than misconduct. The employer appealed, and a Commissioner's representative remanded the matter to the referee for the taking of additional testimony. After a second hearing, another referee determined that Engler's conduct constituted disqualifying misconduct. Engler appealed to a Commissioner's representative who affirmed, reasoning that Engler's conduct "violated all standards of behavior which the employer had the right to expect of her."

Engler has appealed to this court, claiming that the matter should not have been remanded for additional testimony, that the referee erroneously admitted a Chiclets package into evidence, and that the evi-

dence as a whole does not establish that she engaged in misconduct.

## ISSUES

1. Did the Commissioner's representative improperly remand for the taking of additional evidence?

2. Did the referee improperly admit the Chiclets package into evidence?

3. Did the Commissioner's representative err in concluding that Engler engaged in misconduct?

## ANALYSIS

### 1. *Remand*

■ The Commissioner's representative based his reason for remand upon the fact that, after the initial hearing, the employer had submitted samples of the gum to a laboratory for analysis and wished to introduce the test reports into evidence. The representative noted that, while the employer had been "less than diligent in obtaining the test reports," in the interests of fairness, those reports should be considered. The representative also indicated that, upon remand, Engler should introduce additional testimony to establish where she obtained the gum and whether she knew it contained a laxative. The representative concluded: "The parties should submit all necessary additional evidence and documentation in this matter in order that a complete record may be obtained."

Engler claims that the three test reports should have been submitted at the first hearing, and that the employer should not have been given the opportunity to "try again."

Minn.Stat. § 268.10, subd. 5 (1986) provides that, on appeal, the Commissioner's representative "may * * * remand the matter back to the referee for the taking of additional evidence and new findings and decision based on all of the evidence before the referee." The Commissioner's representative has broad discretion when determining whether to remand for the taking of additional evidence, *Zielinski v. Ryan Co.*, 379 N.W.2d 157, 161 (Minn.Ct.App. 1985), and should be upheld unless the deci-

sion was arbitrary or capricious, representing the representative's will, rather than his judgment. *Vang v. A–1 Maintenance Service*, 376 N.W.2d 479, 481–82 (Minn.Ct. App.1985); *Wicker Enterprises, Inc. v. Dahler*, 347 N.W.2d 543, 544 (Minn.Ct.App. 1984).

We conclude the Commissioner's representative did not err in remanding for additional evidence.

### 2. *Chain of Custody*

■ Engler also claims that the referee improperly allowed the employer to introduce into evidence a Chiclets package and some pieces of chewing gum without the employer establishing a continuous, unbroken chain of custody to prove that the gum was actually in her Chiclets package when it was retrieved, and that neither the package nor the gum was altered in any manner between the day of the incident and the hearing. Minn.Stat. § 268.10, subd. 6 (1986) authorizes the Commissioner to adopt rules governing hearings, which need not conform to common law or statutory rules of evidence or other technical rules of procedure. As a result, the Commissioner has promulgated Minn.R. 3310.-2900, subpt. 5 (1985):

All hearings shall be conducted in such manner as to constitute a fair hearing in order to ascertain and determine the substantial rights of the parties, and the appeal tribunals shall not be bound by common law or statutory rules of evidence and procedure.

The Minnesota courts have consistently recognized this rule. *See, e.g., Pichler v. Alter Co.*, 307 Minn. 522, 523, 240 N.W.2d 328, 329 (1976); *Vang*, 376 N.W.2d at 482.

Here, the employer offered sufficient evidence to establish the identity and whereabouts of the Chiclets package even though continuous, unbroken custody, after Engler gave the package to another employee, was not shown.

### 3. *Misconduct*

■ When an employer claims that an employee was discharged for misconduct,

the employer has the burden of proof. *Lumpkin v. North Central Airlines, Inc.*, 296 Minn. 456, 459–60, 209 N.W.2d 397, 400 (1973). "Misconduct" is defined as follows:

"* * * [T]he intended meaning of the term 'misconduct' * * * is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employer's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good-faith errors in judgment or discretion are not to be deemed 'misconduct' * * *."

*Tilseth v. Midwest Lumber Co.*, 295 Minn. 372, 374–75, 204 N.W.2d 644, 646 (1973) (quoting *Boynton Cab Co. v. Neubeck*, 237 Wis. 249, 259, 296 N.W. 636, 640 (1941)).

■ It is undisputed that Engler gave gum to her coworkers, in violation of one of the employer's work rules. The Commissioner's representative found that the gum in the Chiclets package was a form of a laxative, and that Engler knowingly distributed the laxative gum to her coworkers. Two employees testified that, although well before eating the gum, they became ill soon thereafter. Lab tests indicated that the remaining gum in the Chiclet's package contained a laxative substance. The evidence is sufficient to sustain the Commis-

sioner's finding that Engler knowingly distributed laxative gum, and the Commissioner's findings should therefore not be disturbed. *See White v. Metropolitan Medical Center*, 332 N.W.2d 25, 26 (Minn.1983).

■ Nevertheless, whether an employee's conduct meets the *Tilseth* definition of "misconduct" is a question of law to be independently reviewed by this court. *Dean v. Allied Aviation Fueling Co.*, 381 N.W.2d 80, 83 (Minn.Ct.App.1986). Here, although Engler violated the employer's policy by distributing laxative gum to the three coworkers, we do not believe that such conduct rose to the level of wilful, wanton, intentional or substantial disregard of the employer's interests, as contemplated by *Tilseth*. Rather, we conclude that the gum distribution did not exceed unsatisfactory conduct which is specifically excluded by *Tilseth* from the definition of misconduct.

### DECISION

The Commissioner's representative acted within his discretion in remanding to a referee for additional evidence. The referee properly admitted the Chiclets package into evidence. Engler's actions did not constitute misconduct disqualifying her from the receipt of unemployment compensation benefits.

Affirmed in part and reversed in part.