JANET R. IDEKER AND ANOTHER v.
LaCRESCENT NURSING CENTER, INC.

207 N. W. 2d 713.

May 18, 1973—No. 43844.

*Broeker, Bachman & Heetland* and *R. Walter Bachman, Jr.,* for relator.

*Kenneth H. Price,* for respondent employee.

*Warren Spannaus,* Attorney General, *Curtis Forslund,* Solicitor General, *Peter C. Andrews,* Assistant Attorney General, and *William A. Peters,* Special Assistant Attorney General, for respondent commissioner.

PER CURIAM.

Writ of certiorari upon the relation of the employer to review a decision of the commissioner of manpower services. The issue is whether claimant should be partially disqualified from receiving unemployment compensation benefits on the ground that she was discharged for "misconduct" within the meaning of Minn. St. 268.09, subd. 1(1). The commissioner, affirming the appeal tribunal, held that claimant was not subject to any disqualification from receiving benefits. We reverse.

Claimant was employed as a nurse's aid in a private nursing home. Knowing that the use of harsh or unkind language in dealing with patients could subject her to immediate discharge, she used extremely hostile and harsh language on two separate occasions in expressing her dissatisfaction with a bed-ridden male patient's failure to control his bodily functions. The commissioner, as did the appeal tribunal, concluded that this did not constitute "misconduct."

We believe that the facts do not justify that conclusion. The test for determining whether a claimant's conduct constitutes "misconduct" is whether the conduct evinces a willful or wanton disregard for the employer's interests or demonstrates a lack of concern by the employee for his job. Tilseth v. Midwest Lbr. Co. 295 Minn. 372, 204 N. W. 2d 644 (1973). Applying this test, we hold that the commissioner erred in concluding that claimant should not be subject to any disqualification.

Reversed.