Gayle L. BOOHER, Respondent,

and

Department of Employment Services, Respondent,

v.

TRANSPORT CLEARINGS OF TWIN CITIES, INC., Relator.

No. 47357.

Supreme Court of Minnesota.

Nov. 10, 1977.

Mackall, Crounse & Moore and Frank A. Dvorak, Minneapolis, for appellant.

Kelley & O'Neill and Timothy J. Dwyer, St. Paul, for Booher.

Warren Spannaus, Atty. Gen., Richard B. Allyn, Sol. Gen., Peter C. Andrews, Asst. Atty. Gen., Frank W. Levin, Sp. Asst. Atty. Gen., St. Paul, for Dept. of Employment Services.

PER CURIAM.

Certiorari to review a decision of the commissioner of employment services awarding unemployment benefits to claimant Gayle L. Booher. The sole issue is whether claimant was guilty of misconduct within the meaning of Minn.St.1976, § 268.-09, subd. 1(1), and therefore should be partially disqualified from receiving unemployment compensation. We conclude that her actions constituted misconduct and reverse the decision of the commissioner.

Claimant began work for relator, Transport Clearings of Twin Cities, Inc., in April 1973 as a clerk in its national accounts department. She was an excellent worker for almost 2 years, but on February 21, 1975, telephoned her supervisor and said she would not return to work because another employee in the 15-member department was having an affair with her husband. Her supervisor urged her to return, offer-

ing her a position in another department if she wanted. She decided to return instead to her position in the national accounts department, but from that time on she and the other employee had numerous confrontations which resulted in much dissension among the other personnel. The supervisor advised both women that they should leave their personal problems at home, but the conflicts continued, ultimately causing a division among the employees into two groups, one sympathetic to claimant and the other sympathetic to the other employee. Several workers complained that they became nervous and found it difficult to concentrate because of the tension created by the conflicts between claimant and the other employee.

Sometime in early April the other employee gave notice she would resign, effective April 11. On April 10, the department supervisor was told that some workers were planning to disrupt her final day. Because a few months earlier several employees had applauded when an unpopular employee had resigned, the supervisor wanted to avoid any similar unpleasant incidents. He asked claimant if she knew anything about plans to disrupt the other employee's final day and warned her that if she or her friends said or did anything to cause trouble, she would be discharged. The following day, to avoid any potential incident, the other employee was permitted to leave early.

Despite the other employee's resignation, several additional employees working in the department told the supervisor the same day that they would resign if the tension in the office did not lessen. Later that afternoon, some of them informed the supervisor that claimant was saying that he and the other employee were having an affair. He consulted four senior employees in the department, who told him that the tension

was very great. He then determined to discharge claimant. After asking her whether she had been spreading rumors about his involvement with the other employee—which she neither admitted nor denied doing—he told her she was terminated. The following Monday claimant returned and wanted to know the reason for her discharge. The supervisor told her that she had been discharged because her conduct was causing hate and discontent among the other workers. A separation notice filed by relator with the Department of Employment Services stated that she was discharged for a bad attitude.

A claims deputy determined that claimant was eligible for unemployment compensation, but an appeal tribunal reversed this determination, finding that she was discharged for failing to heed her supervisor's instructions to cease activities which caused dissension among other personnel in her office, and for spreading rumors about the involvement of her supervisor with the employee who resigned. The appeal tribunal determined that claimant's actions constituted misconduct within the meaning of Minn.St.1976, § 268.09, subd. 1(1), and determined that she was disqualified for benefits for 5 weeks in addition to the waiting period, reduced the maximum benefit amount by 5 times the weekly benefit amount, and ordered that any benefits paid should not be charged to relator's experience rating account.[1]

On claimant's appeal to the commissioner of the Department of Employment Services, the appeal tribunal's decision was reversed. The commissioner found that she had been discharged because her supervisor concluded that she would be a disruptive person in relator's office. However, he determined that she had been discharged for reasons other than misconduct, and therefore she was eligible for unemployment

---

1. Minn.St.1976, § 268.09, subd. 1, provided in part: "An individual shall be disqualified for benefits:

"(1) If such individual voluntarily and without good cause attributable to the employer discontinued his employment with such employer or was discharged for misconduct, not amounting to gross misconduct, connected with his work or for misconduct which interferes with and adversely affects his employment, if so found by the commissioner, for not less than five nor more than eight weeks of unemployment in addition to and following the waiting period, * * *."

benefits without any reduction in her maximum benefit amount and that these benefits should be charged to relator's experience rating account. Relator challenges this decision.

 The commissioner has statutory power to weigh the evidence and modify or set aside the findings of fact or decision of the appeal tribunal. Minn.St. 268.10, subd. 5; *Lumpkin v. North Central Airlines, Inc.,* 296 Minn. 456, 209 N.W.2d 397 (1973). Our scope of review is that prescribed by Minn.St. 15.0425. The commissioner's findings are reviewed in the light most favorable to his decision, and where there is evidence reasonably tending to sustain them, the findings will not be disturbed. *Nyberg v. R. N. Cardozo & Brother, Inc.,* 243 Minn. 361, 67 N.W.2d 821 (1954). Moreover, the burden of proof is on the employer to establish misconduct sufficient to disqualify claimant from receiving benefits. *Lumpkin v. North Central Airlines, Inc. supra.*

Our review of the record convinces us, however, that the commissioner's finding is not supported by substantial evidence. While the evidence would support a finding that one of the reasons for claimant's discharge was her supervisor's conclusion that she "would be" disruptive in the future, the record as a whole compels the finding made by the appeal tribunal that the discharge occurred because claimant did not follow the directions of her supervisor to cease actions which caused dissension among the other personnel in the office, and because she was spreading rumors about the alleged involvement of her supervisor with the employee who resigned. There was substantial and undisputed evidence in the record that these actions were causing dissension and disruption in relator's national accounts department and furnished reasons for claimant's discharge.

It is clear also that the actions which brought about claimant's discharge were misconduct within the meaning of Minn.St. 1976, § 268.09, subd. 1(1), as that term has been defined by this court in *Tilseth v. Midwest Lumber Co.,* 295 Minn. 372, 204 N.W.2d 644 (1973). Claimant's confrontations with the other employee and the rumor-spreading—both continuing after she was warned to refrain from actions causing dissension and disruption in the department—constituted deliberate violations or disregard of standards of behavior which an employer has the right to expect of an employee and disobedience of reasonable orders. Her actions thus evinced an intentional and substantial disregard of the employer's interests and demonstrated a lack of concern by claimant of her obligations to her employer. Cf. *Ideker v. LaCrescent Nursing Center, Inc.,* 296 Minn. 240, 207 N.W.2d 713 (1973); *Feia v. St. Cloud State College,* Minn., 244 N.W.2d 635 (1976).

Reversed and remanded with instructions to reinstate the opinion of the appeal tribunal.

OTIS and WAHL, JJ., took no part in the consideration or decision of this case.