Edward C. BROWN, Relator,

v.

PORT OF SUNNYSIDE CLUB, INC., Respondent,

Commissioner of Economic Security, Respondent.

No. 51259.

Supreme Court of Minnesota.

March 6, 1981.

Rehearing Denied May 5, 1981.

Edward C. Brown, pro se.

Port of Sunnyside Club, Inc., pro se.

Warren Spannaus, Atty. Gen., St. Paul, for Com'r of Economic Sec.

YETKA, Justice.

Relator Edward C. Brown obtained a writ of certiorari to review a decision by the Commissioner of the Department of Economic Security denying him unemployment compensation benefits. His claim for benefits was denied on the ground that he voluntarily discontinued his employment without good cause attributable to the employer. We reverse.

Relator worked at Port of Sunnyside Club as a marina helper from January 15, 1979, until November 2, 1979. On the last day of his employment, relator was helping to remove boats from their summer stalls in preparation for winter. Also present and assisting the other workers that day was the general manager of the corporation.

Relator was unfamiliar with the work that was being done. His task was to place pads on each side of a boat so it could be lifted from the water without damaging the hull. He placed a pad on one side of a boat and walked around to the other side to see how the pads should be placed there. Although relator had not finished placing pads on the other side of the boat, the general manager shouted at him for doing his work incorrectly. A heated argument ensued. Because the general manager continued to shout at him, relator became frustrated and walked away. As he was walking away, the general manager told him to keep on walking. Relator inferred from this statement that he had been dismissed from employment.

Relator's petition for unemployment compensation benefits was denied by the claims deputy who found that he had terminated his employment voluntarily. The appeals tribunal affirmed this decision, finding a voluntary termination without good cause attributable to the employer. Relator further appealed to the commissioner who adopted the findings and decision of the appeals tribunal. We granted certiorari.

The issue presented for our consideration is whether the record contains sufficient evidence to support the commissioner's determination that relator voluntarily terminated his employment without good cause attributable to the employer.

Unemployment compensation benefits can be denied to a worker who has terminated his employment voluntarily. *See* Minn.Stat. § 268.09, subd. 1(1) (Supp.1979) (amended 1980).[1] Although the commissioner found that relator's separation from employment was voluntary, the commissioner did not specify which event resulted in the termination. Thus, we are called upon to review the events leading to the job termination to determine whether the commissioner's decision is supported by the evidence.

The first event leading to severance of the employment relationship was relator's act of walking away from the general manager. Relator testified that by walking away he intended only to remove himself temporarily from a heated and frustrating

---

1. Although the legislature gave retroactive effect to the 1980 amendments, they do not affect those portions of the statute that determine whether benefits are available in this case. *See* Act of Apr. 7, 1980, ch. 508, § 9, 1980 Minn. Laws 463, 478.

argument. The general manager testified that he was not sure whether relator was leaving work early, quitting the job, or taking a break. Therefore, none of the testimony presented to the appeals tribunal established that any of the parties viewed relator's act of walking away from the general manager as a termination of employment.

We cannot ascertain whether the commissioner viewed this act of walking away, or some other event, as the voluntary termination. The evidence, however, does not establish that the act of walking away was a termination, and neither can it objectively be viewed as such. Under the circumstances, relator's temporary removal of himself from a heated and frustrating argument was not an unreasonable act and cannot be viewed as a voluntary termination.

■ The next event, after relator began to walk away, was the general manager's statement that relator should keep on walking. Under the circumstances, a dismissal from employment is the only inference that reasonably can be drawn from this statement. This amounts to an involuntary termination that satisfies the statutory requirements for unemployment compensation.

■ When eligibility for unemployment compensation benefits is disputed, the employer has the burden of proving that the worker terminated the employment voluntarily. *See, e. g., Marz v. Department of Employment Services*, 256 N.W.2d 287, 289 (Minn.1977). When reviewing a claim for unemployment compensation benefits, the commissioner's findings are examined in the light most favorable to the decision, and they will not be disturbed on appeal if evidence reasonably tends to sustain them. *See Plowman v. Copeland, Buhl & Co.*, 261 N.W.2d 581, 585 (Minn.1977) (per curiam); *Booher v. Transport Clearings of Twin Cities, Inc.*, 260 N.W.2d 181, 183 (Minn.1977) (per curiam). Because no evidence shows the act of walking away to have been a termination of employment, the employer has not met its burden of proving a voluntary termination with respect to this first event. That leaves the second event. As discussed above, the general manager's statement to relator to keep on walking constitutes an involuntary termination.

The statute also permits benefits to be awarded if the employee voluntarily terminated the employment for good cause attributable to the employer. *See* Minn.Stat. § 268.09, subd. 1(1) (Supp.1979) (amended 1980). The commissioner found that the heated argument between relator and the general manager did not constitute good cause sufficient to justify a voluntary termination. Because we have decided that the termination was involuntary, we need not decide whether the verbal abuse to which relator was subjected was sufficient good cause for a voluntary termination.

■ We hold that the commissioner's finding of a voluntary termination is not supported by the evidence. Accordingly, the commissioner's decision denying relator unemployment compensation benefits is reversed.

Reversed.