Douglas J. MASTLEY, Appellant,

v.

COMMISSIONER OF ECONOMIC SECURITY, Respondent.

No. C6–83–1930.

Court of Appeals of Minnesota.

May 1, 1984.

516

Douglas J. Mastley, pro se.

Hubert H. Humphrey III, Atty. Gen., Regina M. Chu, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and LANSING and HUSPENI, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Relator Douglas Mastley filed a claim for unemployment compensation benefits effective March 6, 1983 and received a weekly benefit amount of $184.00. On August 2, 1983, a counselor from the Department of Economic Security referred relator to a potential employer for a job interview. At the interview, relator withdrew his application. An unemployment compensation claims deputy found that relator was disqualified from receiving benefits pursuant to Minn.Stat. § 268.09, subd. 2 (Supp.1983) because he refused to apply for available, suitable work. On relator's appeal, a Department referee affirmed the decision, reasoning (1) that relator did not have good cause for refusing to apply for the position and (2) that the wage was suitable because of relator's length of unemployment. Relator appealed the referee's decision to the Commissioner. On November 9, 1983, a representative of the Commissioner affirmed the decision of the referee, concluding that the job referral was for suitable employment. We affirm.

## FACTS

Relator has a certificate in electronics from a vocational institute and was last employed in industrial electrical/mechanical repair. His highest and last wage rate was $10.00 per hour. Referred by the Department of Economic Security to a potential employer for a job interview, relator was interviewed and offered the opportunity for a competitive test with other qualified applicants for the final selection. The maintenance electrician position involved repair and maintenance of factory machinery at a starting wage rate of $8.50 per hour.

Relator informed the foreman that he wanted a higher paying job, would not stay at this rate of pay for a long period of time, had no desire to take the competitive test, or waste the employer's time.

An unemployment compensation claims deputy, an appeals tribunal referee, and the Commissioner's representative all found that relator was disqualified from receiving benefits because he refused to apply for available, suitable work.

## ISSUES

1. Did relator fail, without good cause, to apply for available, suitable work within

the meaning of Minn.Stat. § 268.09, subd. 2 (Supp.1983)?

2. Was relator "available for work" within the meaning of Minn.Stat. § 268.08, subd. 1(3) (Supp.1983)?

## ANALYSIS

■ 1. This court's scope of review is limited. In an economic security case:

> The narrow standard of review requires that findings be reviewed in the light most favorable to the decision, and if there is evidence reasonably tending to sustain them, they will not be disturbed.

*White v. Metropolitan Medical Center,* 332 N.W.2d 25 (Minn.1983); *see Booher v. Transport Clearings of Twin Cities, Inc.,* 260 N.W.2d 181 (1977); *Group Health Plan, Inc. v. Lopez,* 341 N.W.2d 294, 296 (Minn.App.1984).

2. Minn.Stat. § 268.09, subd. 2 (Supp. 1983) disqualifies a claimant if he has failed, without good cause, to apply for available, suitable work when advised by the employment office. There is no dispute that the job opening was available to relator. By refusing to complete the application process and declining the competitive examination, relator failed to apply for the position.

Minn.Stat. § 268.09, subd. 2(a) defines factors for determination of suitability. Subdivision 2(a) provides:

> In determining whether or not any work is suitable for an individual, the commissioner shall consider the degree of risk involved to his health, safety, and morals, his physical fitness and prior training, his experience, his length of employment and prospects of securing local work in his customary occupation, and the distance of the available work from his residence.

■ Suitable work has been defined as "such work as the employee customarily performs or such as he is reasonably fitted to perform by past experience or training...." *Hendrickson v. Northfield Cleaners,* 295 N.W.2d 384, 386 (Minn.1980); *Swanson v. Minneapolis-Honeywell Regu-*

*lator Company,* 240 Minn. 449, 457, 61 N.W.2d 526, 531 (1953). The Commissioner is vested with wide discretion to determine whether offered work is suitable. *Di Re v. Central Livestock Order Buying Company,* 246 Minn. 279, 288, 74 N.W.2d 518, 526 (1956).

■ Relator claims that the position was unsuitable because it was offered at a lower wage rate than he was willing to accept. In these circumstances, the Commissioner was justified in finding that the proposed wage rate was not unreasonable.

Relator's failure to apply for the position was without good cause as provided by Minn.Stat. § 268.09, subd. 2. In *Swanson v. Minneapolis-Honeywell Regulator Company, supra,* 240 Minn. at 487, 61 N.W.2d at 532, the Minnesota Supreme Court said:

> We construe "good cause" ... to mean: a) Where an employee who is "available for work," is offered "suitable work" which he refuses to accept for reasons which are of a temporary and emergency character, such refusal constitutes "good cause." This means that it must be a necessitous circumstance and must be of such a temporary nature as not to detach him from the labor market, Or b) where an employee, who is "available for work" is offered "suitable work" but refuses a particular job for justifiable reasons pertaining to that particular job such refusal constitutes "good cause."

The wage rate offered did not render the available position unsuitable and was not so unreasonable as to constitute good cause to justify relator's refusal to apply.

Minn.Stat. § 268.09, subd. 2(b)(2) (Supp. 1983) provides that benefits shall not be denied to an otherwise eligible individual for refusing to accept new work if the wages of the work offered are "substantially less favorable to the individual than those prevailing for similar work in the locality."

■■ Although relator has the burden of showing good cause, *Lewis v. Minneapolis Moline, Inc.,* 288 Minn. 432, 436, 181

N.W.2d 701, 704 (1970), he failed to submit any evidence on the average or prevailing rate of pay for similar work in his locality. While the proposed pay rate was less than he last received, that is insufficient to constitute good cause.

■ The length of unemployment and the difference in pay from former employment are relevant inquiries for the Commissioner in determining whether an individual will be disqualified for refusing employment because of lower wages. 8 MCAR § 4.3007 L (MCAR Vol. 53 at 37) (1982). A claimant is not justified in refusing a job at a lower wage if he has not found a job commensurate with his previous employment within a reasonable period of time.

■ In this case, relator was unemployed for more than five months and had not received any offers or assurances of work elsewhere when sent for the interview. Considering the length of unemployment and the small salary difference, the Commissioner properly determined that relator was not justified in refusing to apply for the position.

■ Relator also claims that he refused to apply because his wife would have to quit her job to take care of their child or they would have to hire a babysitter. Such refusal, because of domestic duties, is insufficient to constitute good cause for failure to apply. *Swanson v. Minneapolis-Honeywell Regulator Co., supra.*

■ Finally, relator's claim that the proposed wage was only a small increase from unemployment compensation received is insufficient to constitute good cause.

## DECISION

Relator's conditions and restrictions on his availability for work rendered him unavailable and ineligible for unemployment compensation benefits. His failure to apply for an available and suitable position was without good cause. Refusing employment at a reasonable rate of pay, at reasonable hours, waiting for another opening after five months of unemployment, rendered relator unavailable for work and ineligible for unemployment compensation benefits.

We therefore affirm the decision of the Commissioner.

Affirmed.