**Rosemary E. FLANNIGAN, Relator,**

v.

**MEADOW LANE HEALTH CARE CENTER, Respondent,**

and

**Comm'r of Economic Security, Respondent.**

**No. C5–84–116.**

Court of Appeals of Minnesota.

May 15, 1984.

Virginia K. Boever, Appleton, for relator.

James E. Frick, St. Louis, Mo., for respondent.

Hubert H. Humphrey, III, Atty. Gen., Laura C. Mattson, Sp. Asst. Atty. Gen., St. Paul, for Com'r of Economic Sec.

Considered and decided by POPOVICH, C.J., and LANSING, and HUSPENI, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Relator Rosemary Flannigan appeals, by writ of certiorari, a decision by the Commissioner of Economic Security that she was fired because of misconduct and thus disqualified from receiving unemployment compensation. She contends that the record does not support the Commissioner's finding that her refusal to continue discussing a complaint with her employer constituted misconduct. We reverse.

## FACTS

Rosemary Flannigan worked for respondent Meadow Lane Health Care Center as a trained medical aide from 1969 until May 4, 1983. On May 4, 1983, Greg Carlson, administrator of Meadow Lane, asked Flannigan to come to his office to discuss a complaint he had received from two other employees. The complaint involved an incident where Flannigan entered the employee kitchenette, used profanity and behaved "aggressively." When Flannigan met with Carlson she initially claimed she did not recall the incident. At one point, she stated she did not remember "what the hell" she might have said. Flannigan unsuccessfully requested that the complaining employees be brought in. After 15 minutes of questioning, Flannigan left Carlson's office and returned to her work area, despite Carlson's admonition that they were not yet finished with the discussion. Carlson followed Flannigan to her work area and asked her to return to his office. Flannigan continued with her duties, stating that she had nothing further to say. Carlson then followed Flannigan into a patient's room and again told her to return to his

office. Flannigan repeated that she had nothing further to say and that she was not going to quit. Carlson then told her that if she did not return to his office she would be fired. Flannigan refused and she was then fired.

## ISSUE

Does the record support the Commissioner's finding that Flannigan's refusal to continue discussion of a complaint by co-employees was misconduct?

## ANALYSIS

■ The Commissioner's findings are reviewed in the light most favorable to the decision and will not be disturbed if there is evidence reasonably tending to sustain them. *White v. Metropolitan Medical Center,* 332 N.W.2d 25, 26 (Minn.1983).

■ Minn.Stat. § 268.09, subd. 1 (1982), provides that employees who are "discharged for misconduct" are disqualified from receiving unemployment benefits. Misconduct is conduct evincing a "willful or wanton disregard of an employer's interests * * *." *Tilseth v. Midwest Lumber Co.,* 295 Minn. 372, 374, 204 N.W.2d 644, 646 (1973).

■ The Minnesota Supreme Court has held that it is not unreasonable for an employee to leave a heated and frustrating argument with an employer and that such conduct is not a voluntary termination. *Brown v. Port of Sunnyside Club, Inc.,* 304 N.W.2d 877 (Minn.1981). On the other hand, refusal to discuss an employer's complaints, if coupled with a clear progression of conduct evincing disregard for the job, may constitute misconduct in some circumstances. *See Blau v. Masters Restaurant Associates, Inc.,* 345 N.W.2d 791 (Minn. App.1984). In this case, there was no reason offered for Flannigan's termination other than her unwillingness to continue discussing the vague complaints of her co-workers. No evidence was offered which would indicate a clear progression of conduct showing a willful disregard of her employer's interests. There was no adverse impact upon patients at the nursing

home or upon Flannigan's job performance. *Cf. Ideker v. LaCrescent Nursing Center,* 296 Minn. 240, 207 N.W.2d 713 (1973).

 An analogy may be drawn to the recent "isolated hot-headed incident" cases decided by the Minnesota Supreme Court. *Windsperger v. Broadway Liquor Outlet,* 346 N.W.2d 142 (Minn.1984); *Hamilton v. International Dairy Queen, Inc.,* 346 N.W.2d 138 (Minn.1984). The Supreme Court held that an isolated hot-headed incident by an employee, which does not adversely affect the business of the employer, is not misconduct. Those cases are not strictly on point because they involve verbal outbursts by the employee. Here, there is no allegation that Flannigan even raised her voice or that the business was adversely affected by her refusal to continue the discussion. However, if Flannigan had raised her voice and argued with Carlson she would have been eligible for unemployment compensation; it seems rather incongruous for her to act as she did and be ineligible for benefits. This is especially so when she already discussed the vague, undocumented complaints for 15 minutes. We do not believe that her actions rose to the level of willful or wanton disregard of her employer's interests. The evidence cannot support the Commissioner's finding that she was guilty of misconduct.

The Commissioner also failed to consider the importance of Flannigan's long work record in this position. One isolated instance, after 13 years of employment, is insufficient to merit disqualification. *See Sticha v. McDonald's #291,* 346 N.W.2d 138 (Minn.1984).

### DECISION

Flannigan's refusal to continue discussing the vague complaints of her co-workers is not misconduct. Thus, she is not disqualified from receiving unemployment benefits.

Reversed.