John **PSIHOS**, Relator,

v.

**R & M MANUFACTURING**, Respondent,

**Commissioner of Economic Security**, Respondent.

No. C9–84–71.

Court of Appeals of Minnesota.

Aug. 14, 1984.

Bernard P. Becker, Shannon George-Larson, William Mitchell Law Clinic, St. Paul, for relator.

R & M Manufacturing, pro se.

Hubert H. Humphrey, III, Atty. Gen., Peter C. Andrews, Asst. Atty. Gen., St. Paul, for respondent Com'r of Economic Security.

Considered and decided by POPOVICH, C.J., and LESLIE, and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Relator John Psihos appeals the decision of the Commissioner of Economic Security disqualifying him from receiving some of his unemployment compensation entitlements. The decision is based on a finding that relator was discharged for misconduct. We affirm.

## FACTS

Relator John Psihos was hired by R & M Manufacturing on October 5, 1982, as a pressbrake operator. On August 24, 1983, Psihos left work in the middle of his shift. Before leaving he told Duane Jones, the pressbrake set-up man who also on occasion served in a supervisory capacity, "Can you find someone else to run my job because I will be going home at lunch." Jones responded, "Suit yourself." Psihos did not inform either the nightshift supervisor Kim Pocklington or the inspector Rick Pocklington that he was leaving even though he passed Kim Pocklington in the parking lot on his way out. On August 25, 1983, Kim Pocklington fired Pishos for walking off the job.

Relator filed a claim for unemployment compensation which was denied by a claims deputy. Confirming the views of the claims deputy and a referee, the Commissioner found that relator was discharged for misconduct and decided he was disqualified from some unemployment compensation benefits pursuant to Minn.Stat. § 268.-09(1)(2) (Supp.1983).

## ISSUE

Was there sufficient evidence to justify the Commissioner's finding of misconduct on the part of relator leading to his dismissal?

## ANALYSIS

Misconduct under the statute is defined as willful disregard of the employer's interests, as opposed to mere unsatisfactory conduct. *Tilseth v. Midwestern Lumber Co.*, 295 Minn. 372, 204 N.W.2d 644 (1973). It occurs where the employee's actions "demonstrate a lack of concern by the employee for his job." *Idecker v. La Crescent Nursing Center, Inc.*, 296 Minn. 240, 241, 207 N.W.2d 713, 714 (1973).

The employer has the burden to prove cause for disqualification. *Marz v. Department of Employment Services*, 256 N.W.2d 287 (Minn.1977).

The findings of the Commissioner must be affirmed if they are reasonably sustained by the evidence, and the evidence is to be viewed in the light most favorable to the findings. *White v. Metropolitan Medical Center*, 332 N.W.2d 25, 26 (Minn.1983).

Relator argues forcefully that the evidence shows he sought and obtained permission to leave his work on August 24, 1983. However, it is as reasonable to conclude that Psihos announced his departure and left without permission. His actions could reasonably be interpreted as misconduct. His remark to Duane Jones did not clearly state a request for permission. He left work without clear permission from anyone in authority, including Jones. Viewed in the most favorable light the evidence reasonably supports the Commissioner's finding. Given the limited scope of our review, we cannot disturb the decision.

## DECISION

The decision of the Commissioner is reasonably supported by the facts.

Affirmed.