## ST. WILLIAMS NURSING HOME, Relator,

v.

## Joyce E. KOEP, Department of Economic Security, Respondents.

### No. C5–85–255.

Court of Appeals of Minnesota.

June 11, 1985.

Donald C. Hanson, Alexandria, for relator.

Joyce E. Koep, pro se.

Hubert H. Humphrey, III, Atty. Gen., Laura E. Mattson Sp. Asst. Atty. Gen., St. Paul, for respondent Dept. of Economic Sec.

Considered and decided by POPOVICH, C.J., and WOZNIAK and RANDALL, JJ., with oral argument waived.

## SUMMARY OPINION

WOZNIAK, Judge.

## FACTS

Joyce Koep was employed as a house-keeper by St. Williams Nursing Home from November 1, 1979 until her discharge on September 20, 1984.

After being warned against excessive absenteeism, Koep was absent from work an additional three days, making a total of ten absences during the calendar year of 1984. Each of those absences occurred because of her illness or that of her family. In each instance, Koep notified her employer of her absence prior to the start of her next shift.

The employer's Personnel Policy Handbook provides, in part, that "habitual absenteeism or tardiness is sufficient grounds for dismissal." Employer regards ten absences in one year as habitual absenteeism sufficient for discharge. The Commissioner of Economic Security concluded that Koep was involuntarily discharged for reasons other than misconduct.

## DECISION

The issue here is not whether Koep should have been terminated but whether, now that she has been terminated, she should be denied unemployment compensation benefits. *Windsperger v. Broadway Liquor Outlet*, 346 N.W.2d 142, 143 (Minn. 1984); *Auger v. Gillette Co.*, 303 N.W.2d 255, 257 (Minn.1981). An employer's standards for discharging an employee for cause may differ from the misconduct standard enunciated in the economic security law.

In affirming the decision of the referee, the Commissioner stated:

In the instant case the Referee reasonably found from the evidence that the claimant's absenteeism did not show the culpability required to come within the definition of misconduct [as stated in *Tilseth v. Midwest Lumber Co.*, 295 Minn. 372, 204 N.W.2d 644 (1973).]

Under our limited standard of review set forth in *White v. Metropolitan Medical Center*, 332 N.W.2d 25, 26 (Minn.1983), we affirm.

Affirmed.