**DANIELSON MOBIL, INC., Relator,**

v.

**Budd JOHNSON, Department of Jobs and Training, Respondents.**

No. C7–86–994.

Court of Appeals of Minnesota.

Oct. 14, 1986.

John B. Lennes, Jr., Koll, Olson & Morrison, St. Paul, for Danielson Mobil, Inc.

Bud Johnson, pro se.

Hubert H. Humphrey, III, Atty. Gen., Peter C. Andrews, Sp. Asst. Atty. Gen., St. Paul, for Department of Jobs and Training.

Considered and decided by NIEREN-GARTEN, P.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Relator Danielson Mobil, Inc. appeals the Commissioner's representative's decision that respondent voluntarily terminated his employment with good cause attributable to his employer. We affirm.

## FACTS

Budd Johnson began working with Danielson Mobil, Inc. (Mobil) in May of 1985. When hired, Mobil's manager told Johnson he would be working 48 hours over a six day workweek, and that he would receive $4.50 per hour plus time and one-half for hours worked in excess of 40 hours. Johnson said he would not have accepted the job without the eight hours overtime. During his employment with Mobil, Johnson consistently worked a 48 hour week.

In early January of 1986, Mobil informed Johnson that his eight overtime hours each week would be eliminated. To compensate for the loss of overtime, Johnson was offered 40 hours per week at an hourly rate of $4.75. Johnson terminated his employment effective January 11, 1986. His sole reason for termination was elimination of overtime hours; continuing work was available with relator.

Johnson was denied unemployment benefits because a department claims deputy found that respondent voluntarily quit without good cause attributable to his employer. The referee affirmed the claims deputy's determination. The Commissioner's representative reversed the appeal referee's decision on the basis that record evidence indicated Johnson was promised a 48 hour workweek and that he would not have accepted employment without the promised overtime. The Commissioner

concluded Johnson voluntarily terminated his employment with good cause attributable to his employer.

## ISSUE

Does the record support the Commissioner's decision that respondent voluntarily terminated his employment with good cause attributable to his employer?

## ANALYSIS

Findings in unemployment compensation cases must be reviewed in the light most favorable to the decision. If there is any evidence reasonably tending to sustain the findings, they will not be disturbed. *Mastley v. Commissioner of Economic Security*, 347 N.W.2d 515, 518 (Minn.Ct.App. 1984). Findings in the present case are supported by evidence contained in the record.

The Commissioner's representative adopted the appeal referee's findings of fact in addition to further findings he developed. The Commissioner is at liberty to consider additional findings if they are derived from previously submitted evidence. Minn.Stat. § 268.10, subd. 5 (1984), provides in part:

Upon review, the commissioner or authorized representative may affirm, modify, or set aside any finding of fact or decision, or both, of the referee on the basis of evidence previously submitted in the case * * *.

Additional findings by the Commissioner's representative are noted in the decision on appeal as follows:

FINDING OF FACT: (4) At the time the claimant was hired, he was informed that he would be working six days a week and that his workweek would be 48 hours long. The claimant received time and a half for hours over 40. The claimant would not have accepted the job but for the long hours and the overtime pay. Throughout his entire employment, the claimant worked a six day workweek, 48 hours per week.

■ The record adequately supports the Commissioner's additional findings.

■ Although bound by the findings of the Commissioner, the determination of whether respondent was "properly disqualified from receipt of unemployment benefits" under Minn.Stat. § 268.09, subd. 1(1) (1984), "is a question of law upon which the reviewing court is free to exercise its independent judgment." *Smith v. Employers' Overload Co.*, 314 N.W.2d 220, 221 (Minn. 1981). Pursuant to Minn.Stat. § 268.09, subd. 1(1) (1984), an individual, who voluntarily and without good cause attributable to his employer, discontinues employment is disqualified from receiving unemployment benefits.

■ Since Johnson was not fired and the record reflects that continuing work was available, the Commissioner properly concluded respondent quit work voluntarily.

Respondent's entitlement to benefits is also contingent on whether or not he quit with good cause attributable to Mobil. Good cause to quit has been held to involve a substantial wage reduction; a reduction in benefits; or a breach of an employment agreement. *Moore v. Allied Aviation Fueling Company*, 385 N.W.2d 41, 46 (Minn. Ct.App.1986). The Commissioner determined a substantial wage reduction and breach of an employment contract occurred in the present case. Case law supports these conclusions.

Good cause for separation has been found in situations dealing with a 25% wage decrease. *Sunstar Foods, Inc. v. Uhlendorf*, 310 N.W.2d 80, 84 (Minn.1981). In *Sunstar*, the court concludes "good cause" exists where wage reductions are between 20 and 25% and not under 15% by citing cases from various jurisdictions. *Id.* at 84.

■ The present case involves a wage reduction of about 19%. Although 19% is slightly less than the wage reduction in *Sunstar*, it does fall within the parameters set by the other jurisdictions cited in *Sunstar*. The court in *Sunstar* also stated that wage cuts of two to four percent did not amount to "good cause" for separation. *Id.* at 84. The *Sunstar* court distinguished substantial wage cuts from trifling wage cuts.

Treating a 19% wage reduction as good cause for separation from employment also comports with the remedial nature of Minn. Stat. §§ 268.03 to 268.24. Unemployment statutes are to be liberally construed to effect the public policy that unemployment reserves be used for the benefits of persons unemployed through no fault of their own. *Smith*, 314 N.W.2d at 221. Disqualification provisions of Minn.Stat. § 268.09 are therefore narrowly construed. *Johnson v. Ford Motor Co.*, 289 Minn. 388, 403, 184 N.W.2d 786, 796 (1971).

Apparently the Commissioner's representative chose to accept respondent's weekly wage reduction computation, as opposed to the computation done by Mobil. When conflicting evidence is presented, this court is "not privileged to weigh the evidence and make a proper determination as to where the preponderance lies." *Cary v. Custom Coach, Inc.*, 349 N.W.2d 331, 332 (Minn.Ct.App.1984) (quoting *Nyberg v. R.N. Cardozo & Brother, Inc.*, 243 Minn. 361, 364, 67 N.W.2d 821, 823 (1954)). The *Nyberg* rule suggests this court must accept the Commissioner's reliance on respondent's wage reduction computation.

■ Employment contracts are governed by applicable contract rules, including requirements of offer and acceptance. Terms of employment are controlled by the parties' intentions. *Smith*, 314 N.W.2d at 223. The record contains evidence reflecting the offer and acceptance of overtime hours.

The *Nyberg* rule again suggests this court must accept the Commissioner's determination that a promise of overtime hours was present.

### DECISION

The record evidence supports the Commissioner's findings and conclusions. The Commissioner's decision is not based on an erroneous theory of law. We affirm.