**Shirley A. LILLEDAHL, Relator,**

v.

**PROCESS DISPLAYS COMPANY,
Commissioner of Jobs and
Training, Respondents.**

**No. C4–87–512.**

Court of Appeals of Minnesota.

Oct. 13, 1987.

Ellen G. Sampson, Minneapolis, for relator.

Process Displays Company, pro se.

Hubert H. Humphrey, III, Atty. Gen., Peter C. Andrews, Sp. Asst. Atty. Gen., St. Paul, for Com'r of Jobs and Training.

Considered and decided by PARKER, P.J., and WOZNIAK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Relator Shirley Lilledahl seeks review of a determination by the Department of Jobs and Training (Department) that her separation from employment constituted a constructive voluntary quit. We reverse and remand.

## FACTS

Shirley Lilledahl began working as a sales representative for Signdesign, Inc. in 1985. At the time she was hired, she signed a covenant not to compete.

In August 1986, Lilledahl resigned from Signdesign to accept a job with the respondent Process Displays Co., a competitor of Signdesign. Upon discovering Lilledahl's intentions, Signdesign reminded her that she had signed the non-compete agreement. Lilledahl, however, denied signing anything, and went to work for Process Displays without telling them about Signdesign's claim.

On September 2, Process Displays was informed by its attorney that Lilledahl had signed the non-compete agreement and that Signdesign was threatening to sue. Pro-

cess Displays discussed the matter with Lilledahl, and on September 5 she was suspended indefinitely until the problem with Signdesign could be resolved.

In November, the district court issued an order for temporary injunction, upholding the non-compete agreement and ordering that Lilledahl refrain for one year from associating in any manner with fifteen of Signdesign's competitors, including Process Displays.

Lilledahl applied for unemployment compensation, but her claim was denied. She appealed to a Department referee who reversed, determining that Lilledahl had been involuntarily separated from Process Displays for reasons other than misconduct. Process Displays appealed to a Commissioner's representative, who reversed without addressing the misconduct issue. The representative determined instead that, because Lilledahl had signed the non-compete agreement with Signdesign, her separation from Process Displays constituted a constructive voluntary quit.

### ISSUE

Did the Commissioner's representative err by determining that Lilledahl's separation from her employment with Process Displays was a constructive voluntary quit?

### ANALYSIS

■ An individual who voluntarily quits his employment without good cause attributable to the employer is disqualified from receiving unemployment compensation benefits. Minn.Stat. § 268.09, subd. 1(1) (1986). Whether the individual quit his job or was terminated is a question of fact to be determined by the Commissioner's representative. *Midland Electric, Inc. v. Johnson*, 372 N.W.2d 810, 812 (Minn.Ct. App.1985). Thus, deference to that finding is required if there is evidence in the record reasonably tending to sustain it. *White v. Metropolitan Medical Center*, 332 N.W.2d 25, 26 (Minn.1983). Nevertheless, the Commissioner's factual determination may be reversed where the evidence does not support that determination. *Brown v. Port of*

*Sunnyside Club, Inc.*, 304 N.W.2d 877, 879 (Minn.1981).

■ The doctrine of constructive voluntary quit has a lengthy history. Over the years, the courts have attempted in numerous cases to disqualify claimants for benefits under this doctrine; however, the legislature has repeatedly overruled those decisions. *See, e.g., Stawikowski v. Collins Electric Construction Co.*, 289 N.W.2d 390 (Minn.1979) (overruled by 1979 Minn.Laws ch. 181 § 11); *Anson v. Fisher Amusement Corp.*, 254 Minn. 93, 93 N.W.2d 815 (Minn.1958) (overruled by 1983 Minn.Laws ch. 372 § 26); *Bergseth v. Zinsmaster Baking Co.*, 252 Minn. 63, 89 N.W.2d 172 (1958) (overruled by 1977 Minn.Laws ch. 242 § 1); *Jackson v. Minneapolis-Honeywell Regulator Co.*, 234 Minn. 52, 47 N.W.2d 449 (1951) (overruled by 1975 Minn. Laws ch. 336 § 3).

In *LaSalle Cartage Co., Inc., v. Hampton*, 362 N.W.2d 337 (Minn.Ct.App.1985), our court recognized:

[The constructive voluntary quit] doctrine has never gained acceptance in Minnesota and was expressly overruled by the Minnesota Legislature. 1983 Minn.Laws, ch. 372, § 26.

*Id.* at 341. The Commissioner's representative therefore erred by determining that Lilledahl's separation from Process Displays constituted a constructive voluntary quit. Rejection of that theory compels a finding that Lilledahl's separation was involuntary.

While Lilledahl's involuntary termination by Process Displays may have been justified, the question of whether she is disqualified from receiving unemployment compensation benefits is a separate issue which depends upon whether Lilledahl engaged in "misconduct". *St. Williams Nursing Home v. Koep*, 369 N.W.2d 33, 34 (Minn.Ct. App.1985).

■ Whether Lilledahl's failure to inform Process Displays about Signdesign's claim was "misconduct" necessitates factual findings not made by the Commissioner's representative. We therefore remand for

additional findings, and additional evidence, if necessary.

### DECISION

Lilledahl's separation from Process Displays was involuntary. We remand for a determination whether Lilledahl engaged in misconduct.

Reversed and remanded.