Greg McDONALD, Relator,

v.

PDQ, Respondent,

and

Commissioner of Economic Security, Respondent.

No. C6–83–1328.

Court of Appeals of Minnesota.

Jan. 4, 1984.

Greg McDonald, pro se.

PDQ, pro se.

Hubert H. Humphrey, III, Atty. Gen., Paul N. Heckt, Sp. Asst. Atty. Gen., St. Paul, for respondent Commissioner of Economic Security.

Considered and decided by PARKER, J., P.J., and WOZNIAK and LANSING, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Greg McDonald seeks unemployment benefits. A claims deputy allowed benefits, but the department Appeals Tribunal found Mr. McDonald guilty of misconduct disqualifying him from benefits. The commissioner's representative affirmed.

Mr. McDonald was fired by PDQ for violating a company policy requiring cashiers to ring up purchases immediately. Mr. McDonald knew about the policy. His orientation materials from PDQ made the policy clear. Less than a month before Mr. McDonald was found violating the policy, the PDQ management held an employee meeting, which Mr. McDonald attended, to reiterate the importance of the policy.

Misconduct is defined as conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to *show an intentional and substantial disregard for the employer's interest or of the employee's duties and obligations to his employer.* On the other hand, mere inefficiency, unsatisfactory conduct, inability or incapacity, inadvertence or ordinary negligence in isolated instances, or good-faith errors in judgment or discretion are not to be deemed "misconduct."

*Tilseth v. Midwest Lumber Co.,* 295 Minn. 372, 375, 204 N.W.2d 644, 646 (1973) (emphasis added). The policy involved here was important to ensure that money was not misplaced or stolen. The employer has the right to expect scrupulous adherence to procedure by employees handling the employer's money. For violating the employer's policy, Mr. McDonald showed a substantial disregard for his employer's interests and his duties and obligations to his employer. Being guilty of misconduct, Mr. McDonald is disqualified from receiving unemployment benefits.

Affirmed.